## JOHN JOBE ET AL. V. THEODORE OLLRE.

### No. 2905.

1. **Ancient Instrument—Original.**—It seems that an original of a grant was admissible, made April 15, 1834, conveying lots in the town of Gonzales to a mechanic residing therein, and executed by an alcalde recited to have been commissioner. The grant ordered the issuance of a testimonio. There was no evidence produced that the testimonio was issued. The document was offered and admitted as an ancient instrument.

2. **Practice.**—The mayor under resolution of the city council subsequently executed a deed to the grantee for the same lots. The plaintiff proving title under the grantee the trial judge properly directed a verdict for the plaintiff.

3. **Practice.** —See testimony *held* insufficient to raise the issue of the sale of the lots by the grantee to a party under whom the defendants claimed.

4. **Improvements in Good Faith.**—One of the defendants complains of the exclusion of his testimony to improvements, etc. The record does not show what was the testimony offered and excluded, nor did the defendant have any pleadings setting up his claim. He claimed one of the lots sued for and in his answer adopted the pleadings of his codefendant who claimed another lot sued for. *Held*, that the testimony was properly excluded.

5. **Costs.**—In trespass to try title for a city lot the jury found for the plaintiff and assessed the value of the improvements at a sum greater than the lot. *Held*, this presented no reason why the plaintiff should not recover costs.

APPEAL from Gonzales. Tried below before Hon. Geo. McCormick.

This was an action of trespass to try title instituted by appellee Theodore Ollre against appellant John Jobe in the District Court of Gonzales County on the 15th day of June, 1888, for the recovery of lots Nos.

2 and 5 in block No. 6 in the inner town of Gonzales, granted by the town of Gonzales to J. B. Patrick. The cause was submitted to the jury on the charge of the court, the pleadings, and the evidence on the 9th day of January, 1890, and resulted in a verdict for plaintiff for the lots in controversy, and they further assessed the value of lot No. 5 at $50 and allowed the defendant John Jobe the sum of $115 for improvements on said lot No. 5, and judgment was rendered accordingly, and for plaintiff for costs. The defendants appealed.

The facts are given in the opinion.

*W. W. Glass*, for appellants.—1. Admitting the original we think was error, because the paper was not properly identified, nor was it shown to have been in the custody of the proper officers since that time, and it now being on record was no notice to appellants; nor does it show what the contract was between Patrick and the city of Gonzales, nor that the contract was ever complied with, and not being on the county records it could not be introduced as an ancient instrument. Beaumont Pasture Co. v. Preston & Smith, 65 Texas, 448.

2. The court erred in admitting the city records of conveyances, and especially that part that referred to conveyances in 1834 of real estate in the town of Gonzales. This evidence should not have been admitted for the same reason that is set out in first assignment.

3. The court erred in instructing the jury to return verdict for the plaintiff for the lots sued for. We think the facts show that if ever Patrick had title to this property that he in his lifetime had parted with it; and taking all the facts and circumstances, together with the probate record in the estate of John Sowell, and the fact that Spat Smith swears that he saw a deed and had same in his possession from J. B. Patrick to John Sowell conveying lots in the town of Gonzales, the evidence at least should have been submitted to the jury. Beaumont Pasture Co. v. Preston & Smith, 65 Texas, 448; Brown v. Simpson Heirs, 67 Texas, 225.

4. The court erred in not permitting defendants Jerry Smith and wife to prove the value of their improvements on lot No. 2. The evidence showed that these parties were living on this lot and had made permanent improvements thereon and had bought from Jobe, defendant herein, in good faith and would be entitled to their improvements. French v. Grenet, 57 Texas, 273; Wofford v. McKinna, 23 Texas, 36; House v. Stone, 64 Texas, 678.

5. The court erred in refusing defendants' motion to retax cost in this case, because the assessed value of the improvements was more than the assessed value of the lots, and therefore was more than the assessed value of the use and occupation and damages. Rev. Stats., arts. 4814–4816.

*Harwood & Harwood,* for appellee.—1. The original grant from the alcalde of the municipality of Gonzales to James B. Patrick was properly admitted in evidence as an ancient instrument to show title in the heirs and assigns of Patrick and as a proper and valid basis for the subsequent deed from the mayor of the town of Gonzales to the heirs of the said J. B. Patrick. The colonization laws of Coahuila and Texas of March 24, 1825, under which said original was issued, did not require the proof of any contract to validate a grant for a town lot to a mechanic. Sayles' Civ. Stats., Evidence Rule 16, p. 692; Id., art. 2252; Id., art. 2256; also see Sayles' Early Laws of Texas, art. 49, sec. 36, p. 91; Id., art. 48, secs. 15 and 19.

2. Plaintiff below showed a complete legal title from Coahuila and Texas. (1) Admitted title from Coahuila and Texas to the municipality of Gonzales. (2) Grant from the municipality of Gonzales to J. B. Patrick as a mechanic under the colonization laws of Coahuila and Texas as shown by alcalde's record. (3) The deed from W. B. Cavett, mayor of the city of Gonzales, to J. B. Patrick, his heirs and assigns, of date June 11, 1888, and the ordinance of said city authorizing said deed, duly recorded and acknowledged. (4) Deed from admitted heirs of Patrick to plaintiff, duly recorded June 13, 1888.

STAYTON, Chief Justice.—This action was brought by appellee to recover two lots in the town of Gonzales, which it was agreed were parts of a grant made to that town by the State of Coahuila and Texas.

In support of this title he read the original application of J. B. Patrick to the alcalde of the town asking that the lots be granted to him as a mechanic under article 36 of the colonization law of March 24, 1825, and also the original grant made to him on that application, which fully states the reason for the grant and contains a declaration that the alcalde was duly commissioned.

These papers bear date October 15, 1834, and the conveyance was in the usual form and authenticated as the law then in force required. The conveyance purports to be the original, and directs that a copy of it be given to the grantee as his evidence of right.

In the brief of counsel it is contended that the court erred in admitting in evidence these papers, but an inspection of the record does not show that any objection was made to their introduction. We do not see, however, that there was any objection to their admission, and if there was it would be unimportant, for in pursuance of a resolution of the city council a deed executed by the mayor to J. B. Patrick for the same lots was read in evidence. That resolution and the deed made under it recognized Patrick's right to the lots under the application and conveyance made on October 15, 1834, and was confirmatory of Patrick's right under them.

Certain entries in a book shown to be an old record of the corporation were read which showed the sale of the lots in question to Patrick, and also the sale of two other lots in the same block to John Sowell, conveyances to these last lots stated to have been made by Patrick, as alcalde, in December, 1833.

The entries in this book were objected to on the ground that the evidence did not show that the book contained the record of the disposition of the lots in the town of Gonzales, and did not show that Patrick ever received a deed. We are not further informed what the book did show. That it was an old record book of the corporation was shown, and the fact that the conveyance to Patrick was made was not disputed, though there was no direct evidence to show that a copy of the original was in fact delivered to him.

Plaintiff proved title under Patrick, and the court instructed the jury to find in his favor, and it is contended that this was error on the ground that there was sufficient evidence tending to show that Patrick had conveyed the lots to John Sowell, through whom defendants claim, to require a submission of the case to a jury on that issue; but we are of opinion that there was no evidence bearing on that issue sufficient to have sustained a verdict in favor of the defendants, and that the court did not err in giving the instruction.

The defendant Jobe pleaded improvements made by him in good faith and a finding on that issue was made in his favor, and the other defendant, Smith, claims that the court erred in refusing to permit him to introduce evidence on a like issue. The bill of exceptions shows that this defendant did propose to introduce some kind of evidence upon that matter, but it was not shown what the evidence was, nor does it show what objection was made to it, and it is well settled that this court can not revise the action of the trial court in rejecting evidence upon such a bill of exceptions. The court should have excluded it, if for no other reason, because this defendant had no pleading raising such an issue.

Jobe's pleadings set up many defenses as well as improvements in good faith, and defendant Smith in addition to the plea of not guilty adopted the pleadings of his codefendant, which so far as the matter of improvements was concerned was but an averment that Jobe had made improvements, and there was no averment that he claimed under Jobe.

The value of improvements awarded to Jobe exceeded the value of the lot as found by the jury; and on this ground the court was asked to adjudge the costs against plaintiff, which was refused, and there was no error in this ruling, for having obtained judgment for the property sued for plaintiff was entitled to costs of suit.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered March 10, 1891.